IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

ISAIAH SMITH                                                                                              PLAINTIFF
ADC # 181881

v.                                          2:25CV00057-DPM-JTK

CURTIS GRAHM, et al.                                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

I.   **Introduction**

Isaiah Smith ("Plaintiff") is in custody at the Delta Regional Unit of the Arkansas Division of Correction ("ADC"). Plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983 and a Motion to Proceed in forma pauperis, which the Court granted. (Doc. Nos. 1-3). Plaintiff alleged unlawful conditions of confinement and failure to protect against another inmate. (Doc. No. 2).

The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute and found that Plaintiff failed to state a claim upon which relief may be granted. (Doc. No. 4). The Court explained to Plaintiff that his allegations did not demonstrate that any Defendant was aware of a substantial risk of harm to Plaintiff but ignored

that risk. (Id.). Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading. (Id.). Plaintiff filed his Amended Complaint on June 5, 2025. (Doc. No. 8). The Court will now continue screening Plaintiff's claims.

## II.     Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.     Plaintiff's Amended Complaint

Plaintiff's Amended Complaint is the operative pleading in this case. In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996). In his Amended Complaint, Plaintiff named only Corporal Curtis Grahm, Jr. as a Defendant. (Doc. No. 8 at 1).

Plaintiff sued Defendant Grahm in his personal capacity only. (Id. at 1-2). Plaintiff says that on February 14, 2025, at approximately 8:30 – 8:50 a.m., Defendant Grahm and another individual were conducting shower call for restrictive housing. (Id. at 4). During that time, another inmate "was able to walk to the shower freely and . . . walk into multiple cells . . . ." (Id.). Plaintiff was in his assigned cell when the other inmate, who was in the shower, threatened to dash Plaintiff (Id.). Plaintiff says the shower cell door should be locked and secured at all times. (Id.). Believing the door was locked, Plaintiff told the other inmate that he was not worried about the threat. (Doc. No. 8 at 4). A few seconds later, Plaintiff heard doors opening and the other inmate entered Plaintiff's cell and said: "See, I could've got your b***h a**." (Id.). The other inmate then left Plaintiff's cell but returned one or two minutes later and threw a clear liquid on Plaintiff's face that seeped down Plaintiff's body. (Id.). Plaintiff yelled for help; an officer arrived and called an ADC official to witness what had happened to Plaintiff. (Id.). Plaintiff later received medical treatment and it was determined that he had no injuries. (Id. at 5).

Plaintiff maintains that pursuant to ADC policy the doors in the restrictive housing area should be locked and secured at all times. (Id.). He asserts that Defendant Grahm violated his rights "by not making sure all doors were locked and secured." (Doc. No. 8 at 5). Plaintiff seeks damages and injunctive relief. (Id. at 6).

**IV.     Discussion**

For the reasons set out below, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted.

    **A.     Anterio Matthews**

In his original Complaint, Plaintiff named Anterio Matthews as a defendant. (Doc. No. 2). In his Amended Complaint, Plaintiff mentioned Matthews in his statement of claim, but did

not allege wrongful conduct against him and seeks no relief against him. (Doc. No. 8 at 4, 6). Additionally, in his Amended Complaint Plaintiff did not name Matthews as a defendant. (Id. at 1-2). As such, there are no claims currently pending against Matthews and he should be terminated as a party to this action.

### B.    Defendant Grahm

Plaintiff sued Defendant Grahm under 42 U.S.C. § 1983. He sued Defendant Grahm in his personal capacity only. (Doc. No. 2 at 1-2). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

Plaintiff's claims fall under the Eighth Amendment. To state such a claim, a plaintiff must show that there was a substantial risk of harm to him, and that prison officials were deliberately indifferent to that substantial risk. Axelson v. Watson, 999 F.3d 541, 546 (8th Cir. 2021). Whether viewed as a general conditions of confinement claim or as a failure to protect claim, Plaintiff's allegations do not indicate any deliberate indifference on Defendant Grahm's part.

To the extent Plaintiff complains about unsafe conditions in the form of the unlocked cell and shower doors, he does not allege that Defendant Grahm had any prior knowledge that the doors were unlocked or that he ignored any associated risk. Plaintiff also did not allege a history of similar circumstances in restrictive housing.

To the extent Plaintiff complains about being dashed by another inmate, the facts in this case bring to mind <u>Vandevender v. Sass</u>, 970 F.3d 972 (8th Cir. 2020). Vandevender was attacked by another inmate who wielded a wooden board. <u>Id</u>. at 976. The Court of Appeals for the Eighth Circuit noted that Vandevender did not allege that the attacker had threatened Vandevender or fought with him before or was known to be violent, among other things. <u>Id</u>. Ultimately, the Court of Appeals found that Vandevender's "Amended Complaint allege[d] no more than a surprise inmate-on-inmate attack." <u>Id</u>. (citation omitted).

Similarly here, Plaintiff did not allege any history of disagreements or assaults with the other inmate. As currently pled, Plaintiff's allegations indicate a surprise attack. In short, nothing in Plaintiff's pleading shows that Defendant Grahm was alert to a risk by the other inmate but ignored that risk.

And notably, Plaintiff described Defendant Grahm's actions as failure to perform a duty – to make sure all doors were locked. (Doc. No. 8 at 5). Under the specific circumstances in this case, this allegation more closely resembles a negligence claim than a deliberate indifference claim. But "[m]ere negligence is not sufficient to support a cause of action under § 1983." <u>Davis v. Hall</u>, 992 F.2d 151, 153 (8th Cir. 1993). All of this considered, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted.

## V.   Conclusion

IT IS THEREFORE RECOMMENDED that

1. Antherio Matthews be TERMINATED as a party to this action.

2. Plaintiff's Amended Complaint be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

3. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 6th day of June, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."